## Waterman v. Waterman

*James W. McNulty* and *George A. Yavorek*, for plaintiff.

*James W. Scanlon*, for defendant.

ROBINSON, J., July 21, 1954.—This is an action in trespass brought by a wife against her husband to

recover for personal injuries sustained by reason of the husband's negligence. Defendant filed preliminary objections questioning the right of the wife to maintain the suit.

The complaint alleges that the parties are husband and wife, living separately and apart; that the husband "deserted, abandoned and forced the plaintiff" to withdraw from the common home on February 11, 1953; and that he has since refused and neglected to support her. Plaintiff then averred that on June 13, 1953, while she was a passenger in defendant's automobile she was injured when the vehicle collided with a tree due to the negligent operation thereof by defendant.

The complaint avers that the action is brought under the authority of the Act of May 1, 1913, P. L. 146, sec. 1, 48 PS §114, the pertinent provisions of which are as follows:

"From and after the passage of this act, any wife, who has been deserted, abandoned, or driven from her home by her husband, may sue her husband civilly, in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if such wife were a feme sole. . . ."

At common law the husband and wife were considered to be one and therefore because of the fiction could not maintain civil actions against each other. Underlying the prohibition of the rule was the social reason that such suits would tend to disturb marriages and disrupt families. Accordingly, authority to maintain such a suit must be found in enabling legislation.

The question in this case is whether the Act of 1913, supra, is broad enough to permit the action here alleged. We think it is. It permits any wife who has been deserted, abandoned or driven from her home by her husband to sue him civilly upon any cause of action accruing after the statute as if she were a feme sole.

Even though the statute is strictly construed, as we are required to do where the legislation is in derogation of the common law, the intent of the legislature is expressed clearly in language which cannot be lightly disregarded.

The point here involved has not been considered by the appellate courts of this commonwealth. The right of the wife to sue under the Act of 1913, for injuries caused by her husband's tort has arisen in five instances in the courts of common pleas: Smith v. Smith, 67 Pitts. L. J., 599; Smith v. Smith, 14 D. & C. 466; Ellis v. Brenniger, 71 D. & C. 583; Paskevich v. Paskevich, 5 Northumb. 266; Candidi v. Candidi, 87 D. & C. 96. In the first three cases cited the actions were not permitted principally because the torts complained of were committed by the husband during coverture and there was no qualifying allegation that the wife had been deserted, abandoned or driven from her home. In the Paskevich and Candidi cases the complaints were sustained because they contained the required allegations placing the actions squarely within the enabling provisions of the statute.

In the instant litigation the complaint alleges that plaintiff wife was deserted, abandoned and forced from her home by the husband and that the injuries occasioned by his negligence occurred while they were living separately and apart, thus bringing the case within provisions of the statute. We are of the opinion that suits by a wife to recover for injuries sustained because of her husband's tort must be permitted in a modernized legal system to the extent authorized by enabling legislation and we are in accord with the observations of Judge Crumlish in Candidi v. Candidi, supra, at page 100:

"When the only remaining vestige of marriage is the legal contract, and the parties thereto have ceased

to cohabit as a result of a husband's misconduct, we see no reason why the marital status, in name only, should exempt a wife-beater from answering in damages for his tortious act. The question of public policy does not lead to a different conclusion. By clear language, the legislature has so defined this right of action that the old-time apprehension that such legislation would open the door to uncontrollable and disastrous litigation between husband and wife has been overcome."

Now, July 21, 1954 the preliminary objections to the complaint are overruled and defendant is allowed 20 days in which to make answer.